■ ANDREW D'AMICO, Appellant, v. C. R. LAMPEDUSA et al., Respondents.— Order, Supreme Court, Bronx County, entered on March 27, 1974, denying plaintiff's motion to transfer this action to the Supreme Court and to amend the *ad damnum* clause in the complaint, unanimously reversed, on the law, on the facts and in the exercise of discretion, the motion granted, the action transferred to the Supreme Court, Bronx County, and the *ad damnum* clause in the complaint amended. Appellant shall recover of respondents $40 costs and disbursements of this appeal. Special Term denied this motion on the ground that "the affidavit of the physician was insufficient to warrant granting the sought relief." We disagree. The medical affidavit submitted indicates that the doctor tested plaintiff for his senses of taste and smell, as well as for his claimed hearing defect. He states that in his "medical opinion and with a reasonable degree of medical certainty based upon the history obtained * * * and the results of periodic tests described above. Mr. D'Amico has 100% loss of sense of smell and taste as well as a hearing loss which are permanent losses for which there is no treatment * * * the accident of September 15, 1970 is the competent producing cause of this

hearing disability as well as the total and permanent loss of sense of smell and taste." An examination of this record satisfies us that the motion to transfer should have been granted. (*Ferrari* v. *Paramount Plumbing & Heating Co.*, 20 A D 2d 878.) Concur — Nunez, J. P., Murphy, Steuer, Tilzer and Capozzoli, JJ.